IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
WESTERN DIVISION

JOE LOUIS HARRELL, # 06030003                                    PETITIONER

VERSUS                                        CIVIL ACTION NO. 5:13cv94-DCB-MTP

UNITED STATES OF AMERICA                                    RESPONDENT

## MEMORANDUM OPINION AND ORDER

This matter is before the Court *sua sponte*. *Pro se* Petitioner Joe Louis Harrell filed this Petition for Writ of Habeas Corpus under 28 U.S.C. § 2241 [1]. He is presently at the Federal Corrections Complex in Yazoo City, Mississippi and attacks his drug convictions. The Court has considered and liberally construed the pleadings. As set forth below, this case is dismissed.

## BACKGROUND

On July 9, 2013, Petitioner filed the instant habeas petition challenging his sentence handed down from the Southern District of Alabama. He was convicted in that court of conspiracy to possess crack cocaine with the intent to distribute and two counts of possession of crack cocaine with the intent to sell. That court originally sentenced him on June 20, 1996, to three concurrent life sentences in the custody of the Bureau of Prisons. Petitioner was granted reduced sentences of 324 months, on each count, to run concurrently, on January 23, 2012.

Petitioner now brings this action under Section 2241 and argues he is actually innocent of drug trafficking, the district court lacked subject matter jurisdiction over the criminal case, and he raises various other constitutional issues.

## DISCUSSION

Petitioner claims his convictions were improper, because he was innocent, there was no

federal jurisdiction, the statute under which he was convicted is unconstitutionally vague, there was no probable cause for his arrest or the search, the confiscated drugs were never tested should have been suppressed, his trial counsel was ineffective, there was no victim, the prosecutor failed to produce the identity of the complaining witnesses and any agreements they may have had, and Petitioner was not allowed to voir dire the grand jury.

A petitioner may attack the manner in which his sentence is being executed in the district court with jurisdiction over his custodian, pursuant to Section 2241. *United States v. Cleto*, 956 F.2d 83, 84 (5th Cir. 1992). By contrast, a motion filed pursuant to Section 2255 "provides the primary means of collateral attack on a federal sentence." *Pack v. Yusuff*, 218 F.3d 448, 451 (5th Cir. 2000). The proper vehicle for challenging errors that "occurred at or prior to sentencing" is a motion pursuant to Section 2255. *Cox v. Warden*, 911 F.2d 1111, 1113 (5th Cir. 1990). Petitioner's claim that he was improperly convicted in the first place does not challenge the execution of his federal sentences but instead attacks the validity of his federal sentences. Since the alleged constitutional violations "occurred at or prior to sentencing," they are not properly pursued in a Section 2241 petition.

However, "[u]nder the savings clause of § 2255, if the petitioner can show that § 2255 provides him an inadequate or ineffective remedy, he may proceed by way of § 2241." *Wesson v. U.S. Penitentiary*, 305 F.3d 343, 347 (5th Cir. 2002). To meet the stringent "inadequate or ineffective" requirement, the Fifth Circuit held:

> the savings clause of § 2255 applies to a claim (i) that is based on a retroactively applicable Supreme Court decision which establishes that the petitioner may have been convicted of a nonexistent offense and (ii) that was foreclosed by circuit law at the time when the claim should have been raised in the petitioner's trial, appeal, or first § 2255 motion.

*Reyes-Requena v. United States*, 243 F.3d 893, 904 (5th Cir. 2001). Petitioner bears the burden of demonstrating that the Section 2255 remedy is inadequate or ineffective to test the legality of his detention. *Id.* at 901.

Petitioner does not invoke the savings clause. He points to no retroactively applicable Supreme Court case, nor does he contend that any of his grounds were foreclosed by Eleventh Circuit Law. Rather, the basis of his innocence claim is that his conviction is based on false testimony.

Accordingly, Petitioner's claims are not properly pursued under Section 2241, and the Petition for habeas relief shall be dismissed as frivolous. To the extent the Petition can be construed as a Section 2255 motion, it shall be dismissed for lack of jurisdiction. *Pack*, 218 F.3d at 454.

IT IS THEREFORE ORDERED AND ADJUDGED that, for the reasons stated above, this cause should be and is hereby dismissed with prejudice regarding the jurisdictional issue only and dismissed without prejudice in all other respects. A separate final judgment shall issue pursuant to Federal Rule of Civil Procedure 58.

So ordered, this the 21st day of August, 2013.

 s/David Bramlette
UNITED STATES DISTRICT JUDGE